SAMUEL MURRELL, ET AL., *v.* HENRY DUGAN'S ADM'R.

**Suit Against Administrators—Jurisdiction.**

Administrators of an estate can only be sued in the county in which they qualified and the county where their decedent resided at the time of his death.

APPEAL FROM DAVIESS CIRCUIT COURT.

November 10, 1875.

OPINION BY JUDGE LINDSAY:

Henry W. Scott is the public administrator for Daviess county. The estate of Henry Dugan, deceased, was ordered in his hands to be administered. He instituted this action for the purpose of having said estate settled, its assets marshalled, and the conflicting rights of the various creditors adjudicated.

He alleges that Dugan died leaving a last will and testament, in

which he nominated and appointed one G. M. Murrell his executor; that said Murrell caused said last will and testament to be probated in the county court of Warren county; that he qualified as executor thereof in said county, and executed bond with Samuel Murrell and A. I. Woodland as his sureties. He charges further that whilst acting as executor under said appointment and qualification, Murrell took into his possession a very large amount of the assets of the estate of the decedent. He also alleges that Dugan died domiciled in Daviess county, and that the Warren County Court had no jurisdiction to probate his will, or to qualify his executor, and he insists that its action in the premises was and is void and of no effect, and that Murrell, by acting under it, became executor of his own wrong.

At the time this action was commenced Murrell was dead, and these appellants, Samuel Murrell and A. J. Woodland, were the administrators of his estate. They were made defendants, and judgment was asked against them for the value of the assets taken into possession by their intestate, under and by virtue of the claim asserted by him as executor of Dugan. They were served with process in Warren county. Upon their appearance to the action which had been instituted, and was then pending in the Daviess Circuit Court, the demurred specially to the jurisdiction of the tribunal in which they were sued. Their demurrer was overruled, and they then pleaded to its jurisdiction. Upon final hearing their plea in this regard was held to be unavailing. Their said plea should have been sustained. If their intestate had been living he could not have been sued except in the county of his residence or in some county in which he might have been summoned.

Leaving out of view the right of these parties as personal representatives to demand that, as to all matters touching the estate of their intestate, they shall be sued in the county in which they qualified, they certainly occupy as favorable an attitude as that occupied by their intestate. As the proceeding against them is strictly in personam, the question of jurisdiction must be determined by the provisions of Secs. 106, 107 and 108 of the Civil Code of Practice.

A personal representative cannot escape the effect of these provisions, as to parties indebted to him in his fiducial capacity by instituting an action to settle the estate of the decedent, and seeking therein to recover against them. The purpose of such an action is not to enforce the collection of debts due to the estate, but to marshall the assets, and pay them out to the crediors, distributees and devisees.

·As the Daviess Circuit Court had no jurisdiction of these appellants, we cannot yield to the desire of counsel, and undertake to settle the question as to whether the county court of Warren county, or that of Daviess county, has jurisdiction to probate the will of the decedent. Any opinion we might express on the subject would be extrajudicial, and would not be binding on this or any other court. Nor do we feel inclined to go out of our way to settle a question which the parties in interest have heretofore seemed so reluctant to have settled.

An appeal from the judgment of the Warren County Court admitting the will to probate, would have determined this question of jurisdiction. An appeal from the order of the Daviess County Court directing the public administrator to administer the estate would have accomplished the same end.

So the question might have been finally settled in the case of *Murrell v. Wing,* in the Daviess Circuit Court, or in the action in the Henderson Circuit Court of Winfrey's heirs. All these opportunities were neglected, and it seems that a valuable estate has been wasted in consequence of the neglect or perverseness of those most interested in its preservation.

The judgment is *reversed* and the cause remanded with instructions to sustain appellants' plea to the jurisdiction of the court, and to dismiss so much of the petition as seeks relief against them.

*Williams & Brown, for appellants.*
*Ray & Walker, for appellee.*